## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 11-20023-01 KHV |
| VICTOR CASTILLO-NAJER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On April 20, 2011, a grand jury charged defendant Castillo-Najer and two others with one count of aiding and abetting each other to possess with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii) and 18 U.S.C. § 2. Doc. #25. On August 11, 2011, a jury found defendant guilty. This matter comes before the Court on defendant's Motion For New Trial (Doc. #62) filed August 17, 2011. For reasons stated below, the Court overrules defendant's motion.

## Standards For Motions For New Trial

Rule 33, Fed. R. Crim. P., provides that the Court may grant a motion for a new trial "if the interest of justice so requires." A motion for new trial under Rule 33 is not regarded with favor and is granted with great caution. United States v. Herrera, 481 F.3d 1266, 1269-70 (10th Cir. 2007); United States v. Trujillo, 136 F.3d 1388, 1394 (10th Cir. 1998). The decision whether to grant a motion for new trial is committed to the sound discretion of the trial court. United States v. Cesareo-Ayala, 576 F.3d 1120, 1126 (10th Cir. 2009).

## Factual Background

The following is a brief summary of the evidence presented at trial:

In mid-March of 2011, a confidential source told police detectives in El Paso, Texas, John Hernandez and Octavio Pasillas, about a shipment of marijuana from Mexico bound for Kansas City. The informant told the detectives that he was supposed to deliver the marijuana to "Kiko" a/k/a/ "Monito." The detectives took possession of the shipment of 248.1 kilograms of marijuana. The informant contacted Kiko and gave him the phone number for Hernandez and Pasillas, who were then undercover. The informant also supplied the detectives with Kiko's cell phone number (228-215-6217). When the detectives arrived in Kansas City on March 23, 2011, they received two calls (which they did not answer) from 918-530-6172.[1] At around 10:28 p.m., Detective Pasillas called 228-215-6217 and spoke with an individual who identified himself as Kiko. Detective Pasillas and Kiko used coded language to arrange delivery of the marijuana.

Late on the morning of March 24, 2011, the detectives called Kiko at 228-215-6217. The detectives agreed to meet Kiko at the parking lot for Lowe's Home Improvement Store in Roeland Park, Kansas. When the detectives arrived there, Detective Pasillas called Kiko. After considerable discussion, Kiko agreed to drive up to the detectives' vehicle. The driver of a blue Toyota truck then pulled up to the detectives' vehicle as the detectives stood nearby. Detective Pasillas walked over to the Toyota's driver, who was later identified as Victor Castillo-Najer. Defendant asked Detective Pasillas to follow him somewhere else to unload the vehicle because he was worried that police were in the area. Detective Pasillas declined to go elsewhere and said "my orders were to deliver it to you. If you're Kiko, then I'm going to deliver it to you right here right now." Defendant told

---

[1]      The detectives explained that they did not answer the calls because Kiko had been told that the informant was driving the marijuana to Kansas City at the time. If one of the detectives had answered the calls, Kiko might have realized that they were not on the road because the background noise would not be consistent with that scenario.

Detective Pasillas that he was Kiko.[2]  Defendant then drove away from the detectives' vehicle toward the Lowe's building.  After several more phone conversations, defendant told Detective Pasillas that he would send someone in a silver vehicle to pick up the "paint cans" to finish the job. Moments later, a silver mini-van parked next to the detectives' vehicle.  Two individuals (later identified as co-defendants Zaidel Aguilera-Galindo and Cesar Loya-Gutierrez) got out of the mini-van.  Together with the two detectives, Aguilera-Galindo and Loya-Gutierrez transferred the marijuana from the detectives' vehicle into the mini-van.  Shortly after that, law enforcement personnel surrounded defendant's Toyota, which was registered to Victor Castillo.

Agents searched the Toyota and found several cell phones and a .380 handgun.  Defendant told a Task Force Officer that two of the cell phones were his.  See Ex. 29A, cell phone number 913-752-7552; Ex. 30A, cell phone number 918-530-6172. Defendant stated that two other cell phones belonged to his cousin, "Primo."  See Ex. 29B, cell phone number 228-215-6217; Ex. 29C, cell phone number 319-462-1046.   The government presented evidence that Exhibit 29B had contact with both the El Paso informant (on March 23, 2011) and the undercover detectives (on March 23 and 24, 2011).   Further, at 1:19 p.m. and 1:25 p.m. on March 24, 2011 – before Cesar Loya-Gutierrez arrived at Lowe's – two outbound calls were placed to Loya-Gutierrez' phone from one of defendant's phones.  See Exhibit 29A.  Two additional outbound calls were made to Loya-Gutierrez' phone from Exhibit 29C at 1:35 p.m. and 1:38 p.m.

Defendant testified at trial.  He stated that he did not know anything about the shipment of marijuana.  He testified that he was not Kiko.  In fact, defendant claimed that "Kiko" a/k/a "Primo"

---

[2]        Detective Pasillas testified that defendant's voice was that of the person who had identified himself as Kiko during the earlier cell phone conversations.

was someone who on more than ten occasions had sold him construction materials left over from contracting projects.  On cross-examination, defendant stated that he did not know Kiko's real name or his whereabouts.

### Analysis

Defendant asserts that the government did not present sufficient evidence to establish the crime charged – aiding and abetting possession with intent to distribute more than 100 kilograms of marijuana.  When defendant challenges the sufficiency of the supporting evidence in a motion for new trial, the Court examines the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Bailey, 327 F.3d 1131, 1140 (10th Cir. 2003); United States v. Ndiaye, No. 05-40017-02, 2005 WL 2464588, at *2-3 (D. Kan. Sept. 13, 2005); see United States v. Davis, 1 F.3d 1014, 1017 (10th Cir. 1993) (court must accept jury's resolution of conflicting evidence, as well as jury's apparent credibility calls).  Here, the Court finds that the evidence summarized above supports the jury verdict.

Detective Pasillas testified that defendant acknowledged that he was "Kiko."  Further, the government presented evidence of cell phone calls which support the jury's finding that defendant coordinated the transfer of the marijuana.  Although defendant testified that he had absolutely no knowledge of the shipment's contents until after his arrest, a jury could find that his testimony was not credible and only served to bolster the government's case.  For example, although defendant claimed that Kiko (a/k/a Primo) was another individual from whom he had received previous shipments of construction material, defendant could not provide Kiko's real name, employment information or whereabouts.  As the government argues, the jury could reasonably have chosen not

to believe that the phantom Kiko was responsible for orchestrating the shipment, and rather to conclude that defendant and Kiko were the same individual.

**IT IS THEREFORE ORDERED** that defendant Castillo-Najer's <u>Motion For New Trial</u> (Doc. #62) filed August 17, 2011 be and hereby is **OVERRULED**.

Dated this 31st day of October, 2011 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge